# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

HAILEE R. DeSOUZA,   :
    Plaintiff,   :
       :
v.   :
       :
EDWARD TAIMAN,   :    No. 3:16-cv-00490
       :
    Defendant.   :

## RULING ON MOTION TO DISMISS

Plaintiff Hailee DeSouza, *pro se*, sues Defendant Edward Taiman, Mr. DeSouza's former attorney, based on allegations arising from a state court eviction action in which Mr. Taiman represented Mr. DeSouza against a landlord seeking to evict him. In his seven-count First Amended Complaint ("Compl."), Mr. DeSouza alleges that, motivated by racial animus, Mr. Taiman conspired with the landlord's counsel and court officials to violate Mr. DeSouza's constitutional and statutory rights. (ECF No. 35.) Specifically, Mr. DeSouza's First Amended Complaint alleges (i) interfering, coercing or intimidating Mr. DeSouza regarding his housing rights in violation of 42 U.S.C. § 3617 (count one), (ii) violations of Mr. DeSouza's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 (count two), (iii) conspiring to interfere with Mr. DeSouza's civil rights in violation of 42 U.S.C. § 1985(2) and (3) (count three), (iv) denying Mr. DeSouza equal protection under the law in violation of 42 U.S.C. § 1981 (count four), (v) interfering with Mr. DeSouza's rights under the Fair Housing Act, 42 U.S.C. § 3631 et. seq. (count five), (vi) conspiring to violate Mr. DeSouza's constitutional rights under 18 U.S.C. § 241 (count six), and (vii) depriving Mr. DeSouza of constitutional rights under color of law in violation of 18 U.S.C. § 242 (count seven).

Mr. Taiman moves to dismiss Mr. DeSouza's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court GRANTS Mr. Taiman's motion to dismiss all counts because Mr. DeSouza fails to allege facts that plead federal claims.

## I. FACTUAL BACKGROUND

Mr. DeSouza is a resident of Park West Apartments located in Vernon, Connecticut. (Compl. at 2.) Mr. DeSouza retained Mr. Taiman as his attorney when Mr. DeSouza's landlord sued him for eviction on June 14, 2014. (*Id*. at 3.) Mr. DeSouza alleges that shortly after being retained, Mr. Taiman suggested that Mr. DeSouza "move out" of his apartment at the end of his lease. (*Id*. at 3.) Mr. DeSouza alleges that he instructed Mr. Taiman that he had done nothing wrong and that he wanted to take his case to trial against his landlord. (*Id*.) On August 29, 2014, during a scheduled court date at the Rockville-Vernon Courthouse, Mr. Taiman allegedly lied to him as part of a conspiracy with the landlord's counsel and a representative of the court to coerce Mr. DeSouza into signing a settlement agreement in his eviction case. (*Id*. at 3-7.) According to Mr. DeSouza, the conspiracy aimed to prevent him from appearing in front of a superior court judge, to intimidate him, and to hold him in the court employee's office until he agreed to a settlement. (*Id.* at 7.)

Allegedly, on September 12, 2014, the agreement he was coerced into signing was used against him in court and, subsequently, Mr. Taiman allowed him to be called as a witness for Mr. DeSouza's landlord against his wishes. (*Id*. at 9.) Mr. DeSouza also alleges that Mr. Taiman's failure to demand a trial for Mr. DeSouza during the August 29 court appearance caused Mr. DeSouza to be terminated from his construction job because of "constant unlawful, nuisance harassment calls to Mr. DeSouza['s] employer." (*Id*. at 11.)

As a result of Mr. Taiman's actions, Mr. DeSouza claims he suffered damages, including extreme stress, anxiety, loss of sleep, stress disorder, emotional pain and distress, heartburn, ulcers, mental anguish, elevated heart rate, irregular heartbeat, and an increased need for treatment and medication. (*Id*. at 12.)

## II.   PROCEDURAL HISTORY

Mr. DeSouza filed his initial complaint on March 25, 2016 (ECF No. 1), and Mr. Taiman moved to dismiss on May 31, 2016. (ECF No. 17.) I granted Mr. Taiman's motion to dismiss on Rule 8 grounds, finding that the complaint did not contain "a short and plain statement of the grounds for the court's jurisdiction," or "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 30)(quoting Fed. R. Civ. P. 8(a)(1),(a)(2)). I granted Mr. DeSouza leave to file an amended complaint addressing deficiencies in his original complaint. (ECF No. 30.)

Mr. DeSouza filed his First Amended Complaint on March 23, 2017[1] and Mr. Taiman filed the current motion to dismiss for lack of jurisdiction on April 19, 2017. (ECF No. 36.)

## III.   LEGAL STANDARDS

### A. Rule 12(b)(1)

A "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). The party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckkett v. Bure*, 290 F.3d 493, 497 (2d. Cir. 2002). "In resolving a motion to dismiss for lack of subject matter

---

[1] Plaintiff initially filed his First Amended Complaint on March 20, 2017 (ECF No. 32), and subsequently refiled with minor edits on March 23, 2017. (ECF No. 35.) The Court will treat Plaintiff's most recent filing (ECF No. 35) as the operative complaint.

3

jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court construes the complaint liberally and accepts all factual allegations as true. *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009).

### B. Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), a court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A court may allow a case to proceed only if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a plaintiff submits a complaint *pro se*, the court must construe the allegations liberally, raising "the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d. 636, 639 (2d Cir. 2007). A *pro se* plaintiff, however, still must meet the standard of facial plausibility. *See Hogan v. Fischer*, 738 F. 3d 509, 515 (2d Cir. 2013)("[A] *pro se* complaint must state a plausible claim for relief.")(citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)).

### IV. DISCUSSION

As Mr. Taimen has moved to dismiss the complaint under Rule 12(b)(1) and Rule 12(b)(6) of Fed. R. Civ. P., I first consider the jurisdictional arguments raised by him. "Where . . . a motion to dismiss is made on the ground that the court lacks subject matter jurisdiction as

4

well as on other grounds, the court should consider the Rule 12(b)(1) challenge first, since lack of subject matter jurisdiction may render the other challenges moot." *Nat'l Shooting Sports Found v. Malloy*, 986 F. Supp. 2d 118, 122 (D. Conn 2013)(citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

    A. Mr. DeSouza Has Alleged an Injury in Fact that is Fairly Traceable to the Challenged Actions of Mr. Taiman (Counts One to Seven)

Mr. Taiman argues that the Court lacks subject matter jurisdiction over Mr. DeSouza's claims because Mr. DeSouza lacks standing. Specifically, he contends, Mr. DeSouza has not alleged any causal connection between his conduct and Mr. DeSouza's alleged injuries and a favorable decision would not redress his alleged injuries. (ECF No. 36 at 5.)

A plaintiff has standing to sue if he has "(1) suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Nat'l Shooting Sports Found.* 986 F. Supp. 2d at 122. "If after considering all of the relevant materials, we are unable to discern a basis for the plaintiff's standing, the complaint must be dismissed." *Thompson*, 15 F.3d at 249.

Mr. DeSouza satisfies the constitutional standing requirement because he claims emotional distress, a concrete and actual injury, as a result of Mr. Taiman's actions. (ECF No. 35 at 12.) Mr. DeSouza alleges his injuries stem from a conspiracy between Mr. Taiman, court officials, and counsel for Mr. DeSouza's landlord. While, as discussed below, his allegations are insufficient to plead a cognizable federal claim, they are adequate to plead standing. *See, e.g. Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 185 (2d Cir. 2001)(emotional trauma suffered as

a result of a hostile work environment was an "injury . . . sufficient to establish standing under Article III.")

        B. Mr. DeSouza Fails to State a Claim for Which Relief Can Be Granted (Counts One to Seven)

          1. Fair Housing Act (Count One)

In his first count, Mr. DeSouza alleges that Mr. Taiman coerced, intimidated, threatened, or otherwise interfered with his rights in violation of 42 U.S.C. § 3617, a provision of the Fair Housing Act. Section 3617 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The rights protected by Sections 3603-3606 include the right to be free from discrimination on the basis of race, color, religion, sex, family status, national origin, or handicap, in the purchase or rental of a dwelling and related transactions. *See* 42 U.S.C. §§ 3603-06.

"In order to prevail on a § 3617 claim, a plaintiff must show: "(1) that the plaintiff was engaged in a protected activity; (2) that the defendant was aware of this activity; (3) that the defendant took adverse action against the plaintiff; and (4) that a causal connection exists between the protected activity and the adverse action." *Robbins v. Conn. Inst. for the Blind*, No. 3:10-cv-1712 (JBA), 2012 WL 3940133, at *6 (D. Conn. Sept. 10, 2012).

Mr. DeSouza's complaint fails to allege any facts suggesting that Mr. Taiman interfered with his exercise of any rights protected by the Fair Housing Act, because it fails to allege that Mr. DeSouza was engaged in any transaction related to the rental or purchase of a dwelling. Mr. Taiman, as alleged in the complaint, was acting as a lawyer representing a client in a lawsuit, not

as a renter or seller of real property or as a real estate agent, broker, or appraiser. The complaint's description of the eviction proceeding concerning Mr. DeSouza's apartment does not suffice to bring this case under the Fair Housing Act because an eviction proceeding is not a rental or sale transaction and does not otherwise fall within the statute. Further, Mr. DeSouza does not make any non-conclusory allegations that Mr. Taiman's actions were in retaliation for the exercise of his Fair Housing rights; he alleges no facts suggestive of a retaliatory motive. *See Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016)(affirming dismissal of a claim under Section 3617 because "a retaliation claim does require a showing of a particular state of mind, i.e. a retaliatory motive," and because "[n]o non-conclusory allegation of fact showing such a motive is in the complaint.") Thus, Mr. DeSouza's 42 U.S.C. § 3617 claim is dismissed.

    2. Section 1983 (Count Two)

In his second count, Mr. DeSouza alleges that Mr. Taiman deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997). "[T]he acts of private attorneys are not deemed to be under color of state law, and an otherwise private person acts under color of state law only if he or she conspires with state officials to deprive another of federal rights." *Kash v. Honey*, 38 Fed. Appx. 73, 75-76 (2d Cir. 2002)(internal citations and quotation marks omitted).

> To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act. Put differently, a private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents. A merely conclusory allegation that a

7

private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.

*Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)(internal citations and quotation marks omitted).

Mr. DeSouza does not allege any facts, beyond merely conclusory allegations, to suggest that Mr. Taiman was a state actor or that there was a conspiracy to deprive him of his constitutional rights between Mr. Taiman and any state actor. In the absence of any factual basis to support a conspiracy, and because Mr. Taiman himself is not a state actor, but instead a private attorney, Mr. DeSouza fails to state a claim under 42 U.S.C. § 1983.

### 3. Section 1985 (Count Three)

In his third count, Mr. DeSouza alleges that Mr. Taiman conspired to deter him from attending or testifying in court by use of force, threats or intimidation in violation of 42 U.S.C. § 1985(2). A conspiracy claim under Section 1985(2):

> [R]equires (1) a conspiracy (2) for the purpose of impeding, hindering, obstructing, or defeating in any manner, (3) the due course of justice in any [state court], (4) with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

*Marshall v. Webster Bank, N.A.*, No. 3:10-cv-908, 2011 WL 219693 at *9 (D. Conn., Jan. 21, 2011). Mr. DeSouza also alleges that Mr. Taiman conspired to deprive him of his right to equal protection under the law by preventing him from advocating for himself in a legal proceeding under 42 U.S.C. § 1985(3). A conspiracy claim under Section 1985(3):

> [R]equires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus.

8

*Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). In order to prevail under either claimed subsection of 42 U.S.C. § 1985, Mr. DeSouza must "provide some factual basis supporting a meeting of the minds, such that defendant[] entered into an agreement, express or tacit, to achieve the unlawful end." *Kalderon v. Finkelstein*, 495 Fed. Appx. 103, 108 (2d Cir. 2012).

Mr. DeSouza's Section 1985(2) claim provides no facts to support a meeting of the minds, and further, provides no facts to prove intent on Mr. Taiman's part to impede justice or deny Mr. DeSouza equal protection under the law. To the contrary, Mr. DeSouza's complaint alleges that he attended court and testified on his own behalf. *See* ECF No. 35 at 9. Mr. DeSouza's Section 1985(3) claim similarly fails to plead any facts establishing a conspiracy or any intent to deprive his equal protection or property rights. Further, Mr. DeSouza pleads no facts suggesting racial or class-based discriminatory animus. For all these reasons, he fails to state a claim under 42 U.S.C. § 1985.

4. Section 1981 (Count Four)

In his fourth count, Mr. DeSouza alleges that Mr. Taiman interfered with Mr. DeSouza's "right . . . to make and enforce contracts, to sue, be [a party], give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "To establish a § 1981 claim, a plaintiff must show: 1) that he is a member of a racial minority; 2) an intent to discriminate on the basis of race by the defendant; and 3) that the discrimination concerned one or more of the activities enumerated in § 1981." *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 261 (2d Cir. 2000). While Mr. DeSouza's complaint alleges sufficient facts to meet the first prong, it stumbles on the second and third prongs. The second prong requires "alleged facts which give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311

9

(2d Cir. 2015). Mr. DeSouza's complaint does not allege any facts to support even a "minimal inference of discriminatory motivation," relying instead solely on conclusory allegations. In support of his claim that Mr. Taiman intended to discriminate against him on the basis of his race, Mr. DeSouza provides only conclusory remarks such as "oppressive RACISTS bias motives contrary to and in violation of the law," (ECF No. 35 at 13), "defendant with evil and demonic RACISTS intent," (*Id.*), and "[t]he defendant, a deviant, evil conman with oppressed racial motives . . . ." (*Id.* at 6.) Further, as noted above, the complaint provides no facts suggesting that Mr. Taiman interfered with Mr. DeSouza's right to be a party, give evidence, or take any of the other actions identified in the statute. As noted, the complaint alleges that Mr. DeSouza was a party to an eviction action and testified at trial. Therefore, his 42 U.S.C. § 1981 claim is dismissed.

> 5. Mr. DeSouza's Claims Under 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 3631 Invoke Criminal Statutes That Provide No Private Right of Action (Counts Five, Six and Seven)

Mr. DeSouza alleges that Mr. Taiman violated 18 U.S.C. §§ 241 and 242, and 42 U.S.C. § 3631. Because these are criminal statutes, they provide no private cause of action. *Xu v. Neubauer*, 166 F. Supp. 3d. 203, 207 (D. Conn. 2015) ("Federal criminal statutes do not provide private rights of action."). *See also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints."); *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009)("[F]ederal criminal statutes do not provide private causes of action"). Thus, Mr. DeSouza has failed to state a claim in these counts. *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006)( "[T]here is no private right of action under section 242 . . . nothing in the language or structure of section[] 241 . . . suggests that Congress

intended to create a private right of action . . . ."; *See also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002); *Alaji Salahuddin v. Alaji,* 232 F.3d 305, 308, 311–12 (2d Cir. 2000); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994). *Branson v. Malott*, No. 1:11-CV-807, 2012 WL 1950274, at *7 (S.D. Ohio 2012)(Noting 42 U.S.C. § 3631 is "criminal in nature and there is no private right of action for violation of this section.") *See also Blechinger v. Sioux Falls Housing and Redevelopment Comm'n*, No. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012); *Jack v. Stubblefield,* No. 5:09–cv–46, 2009 WL 1809931, at *2 (W.D.Va. June 22, 2009).

## V. CONCLUSION

For the reasons stated above, the motion to dismiss (ECF No. 36) is GRANTED because Mr. DeSouza has failed to state a claim for which relief can be granted.

IT IS SO ORDERED

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
August 10, 2017

11